PANIAGUA, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property in the Matter of a Deed of Correction.

No. 584.—Decided April 15, 1924.

RECORD OF TITLE—CORRECTION—ERROR OF CONSTRUCTION—CONSENT. — It being sought by means of an explanatory deed to make it appear that a parcel of land said to have been segregated from a property subject to the annotation of a complaint was not affected by the outcome of the said suit because not segregated from that property but from a different property and the error not appearing from the annotation sought to be corrected, article 256 of the Mortgage Law was applicable to the effect that errors in construction committed in records, cautionary notices or cancellations, or in other records relating thereto, when they do not clearly appear from the same, shall not be corrected without the unanimous consent of all the interested parties and of the registrar, or without a judicial order to that effect.

The facts are stated in the opinion.
*Messrs. Llorens & Arroyo* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

According to the registry of property Bernabé Sabalier was the owner of property No. 1923. From this he segregated and sold to the Federation of Labor of Porto Rico a parcel of 487.25 square meters which became property No. 663 and was bought later by the Bank of San Juan. What Sabalier had left of property No. 1923, after deducting some lots that he had sold, was sold in his name by his attorney in fact, Santiago Iglesias, to the Bank of San Juan and the record in the name of the grantee contains at present a marginal note entered in July of 1921 showing that an action had been brought by Sabalier against Santiago Iglesias and the Bank of San Juan for the annulment of the said sale.

The Bank of San Juan sold to Luisa Paniagua a lot of 383.74 square meters which was recorded in 1923 under number 2292 after the marginal note of the suit had been entered, as a segregation from the Melilla property to which we have referred in the second place as having been purchased by the bank from Sabalier's attorney in fact. Thereafter there was presented in the registry another deed executed by the bank and Luisa Paniagua stating that the said lot was not a segregation from the Melilla property as said in the deed of sale, but from the other parcel that the bank purchased from the Federation of Labor of Porto Rico which originally belonged also to Sabalier. At the foot of the explanatory deed the registrar entered the following note:

"The preceding explanatory deed is recorded with the authorization of the Bank of San Juan as to the portion remaining to Luisa Paniagua by virtue of the segregation of a parcel of 181.83 square centimeters at page 113 of volume 36 of South Santurce, property No. 2292, second record, in which entry the annotation of Bernabé Sabalier's suit has not been corrected, because he was not a party to the deed."

The question presented by appellant Paniagua is that the registrar should make the correction appearing in the said deed in the records of property No. 1923, which is the original property of Sabalier and the remainder of which his attorney in fact sold to the Bank of San Juan, and of property No. 2292, which is the record of that purchased by the appellant, stating that the segregation of property No. 2292 was made from No. 663 and not from No. 1923.

Although it does not appear from the documents exhibited in this appeal, when the registrar first recorded property No. 2292 in the name of Luisa Paniagua as a segregation of the Melilla property that the Bank of San Juan purchased from Sabalier's attorney in fact as the remainder of property No. 1923, he had to show in the record of the latter by a marginal note that such segregation had been made, as the appellant admits in his brief was actually done; therefore, in order that the correction may be made in the record of property No. 1923 which Sabalier is suing for, and in that of property No. 2292, which is the segregation therefrom made for Luisa Paniagua, the consent of Bernabé Sabalier is necessary because of the legal status created by the registry, although it may seem that by the correction there was restored to the Melilla property (No. 1923) what was said to have been segregated therefrom and that for that reason no apparent injury may seem to have been done to Sabalier, for it is sought to correct not a clerical error but a substantial error, because it is attempted to make it appear that a parcel of land said to have been segregated from a property in litigation is not affected by the outcome of the suit because it was not segregated from that property, but from a different property, and as the error does not appear from the annotation sought to be corrected, article 256 of the Mortgage Law is applicable to the effect that errors in construction committed in records, cautionary notices or cancellations, or in other records relating thereto, when they do not clearly appear from the

same, shall not be corrected without the unanimous consent of all the interested parties and of the registrar, or without a judicial order to that effect.

Consequently, in order that the correction sought by the appellant may be made Sabalier's consent is necessary, as held by the registrar, and the decision, therefore, must be

*Affirmed.*

Justices Wolf and Hutchison concurred.

Mr. Chief Justice Del Toro took no part in the decision of this case.

Mr. Justice Franco Soto dissented.